FRED LIGETY, Respondent, v. B. & E. ALPER, INC., and Another, Appellants.— Motion for reargument and for other relief denied, with ten dollars costs. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.

MANUFACTURERS CORRUGATED BOX CO., INC., Respondent, v. FEINBERG-HENRY MFG. CO., INC., Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.

EMANUEL MEHL, Respondent, v. FLATBUSH SAVINGS BANK, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ. .

REALTY ASSOCIATES, INC., Respondent, v. SUN OIL COMPANY, Appellant, and PLATEAU SERVICE, INC., Undertenant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.

GERTRUDE WILLIAMS, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.

BEN ZISKIN, Respondent, v. AL GREENBERG and Another, Defendants, and A. S. G. REALTY CORP., Appellant.— Motion for reargument denied, with ten dollars costs. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.

BERNARD COATES, Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant. — Action to recover damages for personal injuries sustained by plaintiff who had been employed by an independent contractor to remove snow from the defendant railroad company's tracks. On the approach of a train on the tracks upon which plaintiff was working, a warning signal was given, and plaintiff ran and jumped to an adjoining track, where he was struck by a second train. Judgment in favor of plaintiff, entered on the verdict of a jury, the amount of which was reduced by stipulation, and order denying defendant's motion to set aside the verdict, in so far as appealed from, affirmed, with costs. No opinion. Lazansky, P. J., Hagarty and Adel, JJ., concur; Carswell, J., dissents and votes to reverse the judgment on the law and to dismiss the complaint, and to dismiss the appeal from the order, with the following memorandum: When plaintiff, pursuant to the warning that defendant was obligated to and did give, left a place of danger and reached a broad place of safety, his subsequent act of leaving on his own initiative the place of safety and going to a new place of danger did not involve an act of emergency; it was an act of negligence. (*Harty* v. *Central R. R. Co. of New Jersey*, 42 N. Y. 468, 471, 473.) His new situation of danger was a self-created emergency growing out of his negligent departure from a place of safety to which he had been directed. He should, therefore, be relegated for his relief to a workmen's compensation award, which is not concerned with the fault of the injured and is, fortunately, available to this plaintiff. Taylor, J., dissents and votes to reverse the judgment on the law and to dismiss the complaint, and to dismiss the appeal from the order for the reason stated by Carswell, J., and for the additional reason that, as matter of law, there was no negligence on the part of defendant. (*Sacco* v. *Delaware & Hudson Co.*, 213 App. Div. 471; affd., 241 N. Y. 556; *Fierro* v. *New York Central R. R. Co.*, 256 id. 446.)